```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JESUS GUZMAN
```

|  |  |
|---|---|
| Plaintiff, | **ACTION UNDER 29 U.S.C.§ 216(b)** |
| -v.- | **COMPLAINT** |
| CLEANING PROJECT 23 INC. (DBA LAUNDRY PROJECT 23) and RAI PRANAI | |
| Defendants | |

```
------------------------------------------------------------X
```

Plaintiff JESUS GUZMAN, by and through his attorneys, STILLMAN LEGAL PC., brings this Action against Defendants CLEANING PROJECT 23 INC. (DBA LAUNDRY PROJECT 23) and RAI PRANAI, Individually (collectively, the "Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 USC §§ 201 et seq., the New York Labor Law ("NYLL") § 650 et seq., as recently amended by the Wage Theft Prevention Act ("WTPA"), NYLL § 195(3), NYLL § 191, and related provisions from Title 12 of New York Codes, Rules and Regulations ("NYCRR") § 137-1.7 (2006), and alleges upon information and belief, as follows:

## NATURE OF THE ACTION

1. This Complaint seeks to recover, inter alia, unpaid minimum wage and overtime wage compensation for Plaintiff, a former employee of Defendant CLEANING PROJECT 23 INC. (DBA LAUNDRY PROJECT 23) (hereinafter referred to as "CLEANING PROJECT 23"), a New York Corporation with offices at 364 West 23 Road Street New York, NY 10011 and its principal/officer/agent, Defendant RAI PRANAI, where Plaintiff was employed as a laborer.

2. At all times relevant hereto, Defendants were required, under relevant New

York State law, to pay and compensate Plaintiff at a minimum rate of $15.00 per hour (the "minimum wage"); however, Plaintiff as only compensated first at a rate of $10 per hour for 40 hours and then at the rata of $13.63. In February 2023 they raised his salary to $15.45 which is .$45 above the minimum wage but failed to pay him his overtime hours correctly.

3. At all times relevant hereto, Defendants were required, under relevant New York State law, to compensate Plaintiff with overtime pay at one and one-half the regular rate for work in excess of forty (40) hours per work week.

4. However, despite such mandatory pay obligations, Defendants only compensated Plaintiff at a rate $10 per hr. and failed to pay Plaintiff his lawful overtime pay for that period from March 2022 until May 21, 2023, where he worked well in excess of forty (40) hours per workweek.

5. Defendants' conduct extended beyond Plaintiff to all other similarly situated employees, and at all times relevant to this Complaint, Defendants maintain a policy and practice of requiring Plaintiff and other employees to work without providing the minimum and overtime compensation required by federal and state law and regulations.

6. Plaintiff also brings this action under the Wage Theft Prevention Act for Defendants' failure to provide written notice of wage rates in violation of said laws.

7. Accordingly, Plaintiff now brings this Action for federal and state claims relating to unpaid minimum wages and unpaid overtime wages pursuant to the FLSA, 29 USC §§ 201 et seq., NYLL § 650 et seq., as recently amended by the WTPA, NYLL § 195(3), as well as those related provisions in Title 12 of the NYCRR.

8. In connection therewith, Plaintiff seeks compensatory damages (minimum and overtime wages due), liquidated damages, pre-judgment and post-judgment interest,

and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action under 28 USC § 1331, 29 USC §§ 216(b)(c), and 217; and 28 USC § 1337.

10. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction pursuant to 28 USC § 1367.

11. This Court is empowered to issue a declaratory judgment pursuant to 28 USC §§ 2201 and 2202.

12. Venue is proper in the Southern District of New York, pursuant 28 USC § 1391(b)(c), because Corporate Defendants reside in this District, Plaintiff resides in this District, and because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

### Plaintiff

13. Plaintiff JESUS GUZMAN ("GUZMAN") is and was at all times relevant hereto an individual residing in New York.

14. Plaintiff GUZMAN was employed by CLEANING PROJECT 23 at its place of business, 364 West 23 Road Street New York, NY 10011, from approximately March 2022 until May 21, 2023, where he was primarily employed as a laundry worker.

15. At all times relevant hereto, Plaintiff GUZMAN was a covered employee within the meaning of the FLSA and the NYLL.

### Defendants

16. Defendant CLEANING PROJECT 23 is, upon information and belief, a duly organized New York Corporation with its principal place of business located at 364 West 23 Road Street New York, NY 10011.

17. Upon information and belief, Defendant CLEANING PROJECT 23 is engaged in interstate commerce in that it relies heavily on products that have been transported across state lines, and generates annual gross revenues in excess of $500,000 per year, independent of excise taxes, for years 2021 through 2023, and were directly engaged in interstate commerce.

18. Upon information and belief, Defendant RAI PRANAI is the President, Chief Executive Officer, manager, principal, and/or agent of Defendant CLEANING PROJECT 23.

19. Upon information and belief, and at all times relevant to the claims herein, Defendant RAI PRANAI possessed operational control over Defendant CLEANING PROJECT 23 because of his ownership interest and/or control of significant functions of Defendant Corporation; that Defendant RAI PRANAI: (i) was known and referred to as the "Boss" by Plaintiff and the other similarly situated employees of Defendant CLEANING PROJECT 23; (ii) determined the wages and compensation of the employees of Defendants, including Plaintiff; and (iii) established Plaintiff's and other employees' work schedules and workload; (iv) maintained employee records; (v) paid Plaintiff and the other employees their weekly wages; and (vi) possessed the authority to hire and fire employees.

20. Defendant RAI PRANAI acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2.

**COMMON FACTUAL ALLEGATIONS**

## Defendants Constitute Joint Employers

21. Defendants owned and operated CLEANING PROJECT 23, a corporate entity located at 364 West 23 Road Street New York, NY 10011. At all relevant times, Defendants CLEANING PROJECT 23 and RAI PRANAI possessed operational control over Defendant Corporation, possessed an ownership interest in Defendant Corporation, and/or controlled significant functions of Defendant Corporation.

22. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff GUZMAN by engaging in a pattern and/or policy of violating the FLSA and NYLL. This pattern and/or policy includes, inter alia, the following:

   a. failing to pay employees the applicable overtime rate (one and one-half the rate of regular pay) for work performed in excess of forty (40) hours per week

   b. failing to provide statutorily required wage and hour records or statements of pay received, in part to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff and other similarly situated employees' relative lack of sophistication in wage and hour laws.

   c. failing to pay employees the applicable minimum rate for work performed for the first forty (40) hours per week;

23. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant damage to Plaintiff GUZMAN and the other class members.

24. Defendant CLEANING PROJECT 23, under the direct supervision and authority of Defendant RAI PRANAI, acted in the interest of the Defendants with respect to its employees, the rate of and method employee compensation was paid and shared joint control over their employees.

25. At relevant times, Defendants CLEANING PROJECT 23 and RAI PRANAI possessed substantial control over Plaintiff GUZMAN and other similarly situated employees' working conditions and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

26. Defendants CLEANING PROJECT 23 and RAI PRANAI jointly employed Plaintiff and are Plaintiff's employers within the meaning of 29 USC 201 et seq. and the NYLL.

27. Defendants CLEANING PROJECT 23 and RAI PRANAI constitute a single employer of Plaintiff and/or similarly situated individuals, as any business divisions between them are fictional.

28. At all times relevant hereto, Defendants CLEANING PROJECT 23 and RAI PRANAI were Plaintiff's employers within the meaning of the FLSA, NYLL, and other applicable laws. Such Defendants had the authority and power to hire and fire Plaintiff, and other similarly situated employees, control the terms and conditions of their employment, including work assignments and hours, and determine the rate and method of any compensation in exchange for Plaintiff's services. Indeed, Defendants supervised Plaintiff's work schedule and conditions of his employment.

**Plaintiff JESUS GUZMAN**

29. From approximately March 2022 until May 21, 2023, Plaintiff was employed by Defendants at their 364 West 23 Road Street New York, NY 10011 facility, where Plaintiff GUZMAN's worked as a laundry worker.

30. Plaintiff GUZMAN's work schedule was from 8:00 A.M. until 7:00 P.M., five days per week, Wednesdays and Fridays off. He worked approximately (55) fifty-five hours per week.

31. Plaintiff GUZMAN was paid at a rate of $10 per hr. at the beginning of his employment. In January of 2023, Defendants raised his salary to $13.63. In February 2023 they raised his salary to $15.45. All payments were made by check

32. Plaintiff GUZMAN did not work at his own convenience but was required to report to work in accordance with a work schedule devised by Defendants. Moreover, once scheduled for a shift, Plaintiff GUZMAN did not come and go at his pleasure but rather was controlled by Defendants.

33. Plaintiff GUZMAN was a covered employee within the meaning of the FLSA and the NYLL and was not exempt thereunder as his employment position and assignments were not "professional," "executive" or even "administrative" and did not require discretion nor independent judgment. Plaintiff GUZMAN's work is properly characterized as menial physical labor.

34. Plaintiff GUZMAN regularly handled goods in interstate commerce and other items produced outside of the State of New York.

35. Plaintiff worked without appropriate overtime wages from the beginning and until the end of his employment with Defendants.

36. No notification, either in the form of posted notices or other means, was ever given to Plaintiff GUZMAN regarding wages as required under the FLSA and NYLL.

37. Defendants did not provide Plaintiff GUZMAN with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

38. Defendants never provided Plaintiff GUZMAN with written notice of his rate of pay, employer's regular payday, and such other information as required by NYLL §195(1).

### Defendants' General Employment Practices

39. As part of their regular business practices, Defendants required Plaintiff GUZMAN to work in excess of forty (40) hours per week without paying Plaintiff the

proper overtime wages as required by federal and state laws.

40. By such common policy and practice, Defendants violated Plaintiff's rights under the FLSA and New York Labor Law by not paying him the wages he was owed for the amount of hours he had worked.

41. Defendants failed to post the statutorily required wage and hour posters and did not provide Plaintiff GUZMAN with statutorily required wage and hour records or statements of pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff's relative lack of sophistication in wage and hour laws.

42. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff properly for (i) his full hours worked, and (ii) minimum wages and (iii) overtime wages.

43. The NYLL and Wage Theft Prevention Act require employers to provide all employees with written notice of wage rates.

44. Throughout the relevant time period, Defendants paid Plaintiff GUZMAN wages without providing an accurate accompanying wage statement and/or annual pay notices required under NYLL §§195(1) and 195(3).

45. Defendants failed to provide Plaintiff GUZMAN with <u>accurate</u> accompanying wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; the name of the employee; the name of the employer; address and phone number of the employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the

number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

## FIRST CAUSE OF ACTION
### (Violation of FLSA Minimum and Overtime Wages)

46. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

47. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 USC § 203(d). Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

48. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce, and as such constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 USC § 203 (r-s).

49. Defendants, in violation of the FLSA, failed to pay Plaintiff the applicable minimum wages and overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C.§ 207 (a)(1).

50. Defendants' failure to pay Plaintiff the applicable minimum and overtime wage was willful within the meaning of 29 U.S.C.§ 255(a).

51. Defendants acted willfully in their violations of the FLSA's requirements.

52. Plaintiff seeks damages for his unpaid lawful minimum and overtime wages, liquidated damages as provided by the FLSA for wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Unpaid Minimum and Overtime Wages Under New York Labor Law)

53. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

54. Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff the applicable minimum and overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

55. Defendants' failure to pay Plaintiff the applicable minimum and overtime wages was willful within the meaning of N.Y.Lab.Law § 663.

56. Due to Defendants' willful violations of the NYLL, Plaintiff GUZMAN is entitled to recover from Defendants his unpaid minimum and overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
**New York Labor Law – Failure to Provide Accurate Wage Statements**

57. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

58. Defendants have failed to provide Plaintiff, in English and in Spanish, with complete and accurate wage statements throughout his employment listing and detailing, *inter alia*, all his regular and any overtime hours of work, his rate of pay, basis of pay and deductions etc., in violation of NYLL § 195(3).

59. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants' statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d).

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff JESUS GUZMAN, respectfully requests that this Court enter judgment against Defendants CLEANING PROJECT 23 and RAI PRANAI as follows:

    a.    Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C.§ 216(b);

    b.    Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

    c.    Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages;

    d.    Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum and overtime wage compensation shown to be owed pursuant to NYLL § 663 as applicable;

    e.    Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

    f.    Awarding Plaintiff the expenses incurred in this action, including costs and attorney's fees; and

    g.    All such other and further relief as the Court deems just and proper.

    h.    An award of statutory damages for Defendants' failure to

provide Plaintiff with complete and accurate wage statements pursuant to NYLL § 198 (1-d);

  i. An award of pre-judgment interest of nine percent per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

  j. An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

  k. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
   May 29, 2023

         LINA STILLMAN, ESQ.

         ___/s/ Lina Stillman_____
         Lina Stillman, Esq.
         Attorneys for Plaintiff
         Stillman Legal, P.C.
         42 Broadway, 12t Floor
         New York, New York 10004
         Tel (212) 203-2417
         www.StillmanLegalPC.com