

**VIA ECF**
Honorable John Koetl
United States District Court
Southern District of New York

Your Honor,

This firm represents Plaintiff CLEANING PROJECT 23 INC DONG HONG CHOI ("Plaintiff") in the above-referenced matter. Plaintiff writes jointly with Defendants, CLEANING PROJECT 23 INC and DONG HONG CHOI, Individually, (collectively "Defendants") (Plaintiff and Defendants collectively referred to as the "Parties") to request Court approval of his fully executed settlement agreement (the "Agreement"), annexed hereto as Exhibit A, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

This letter will provide support for the Parties' fair and reasonable settlement sum of $9,250. It will also provide the Court with the required information regarding Plaintiff's attorneys' fees so that the Court can determine whether the requested award of 3,668.04 including costs and fees.

This Agreement represents a good faith effort between experienced labor and employment counsel to negotiate an action under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), resulting in a settlement that provides Plaintiff with a satisfactory recovery of his alleged damages under applicable law. The Parties have determined that his interests are best served by compromise, settlement, and dismissal of these claims with prejudice, in exchange for consideration as set forth in the Agreement. Thus, the settlement satisfactorily resolves the Parties' *bona fide* dispute.

The Agreement is the result of arms-length bargaining between the Parties and his counsel and reflects a desire to settle and compromise all of Plaintiff's claims asserted in this case, as outlined more specifically in the attached Agreement fully and finally.

For these reasons and based on the reasons set forth below, the Parties jointly and respectfully request that that Court enter an Order approving the Agreement as fair and reasonable.

**Plaintiff's Allegations and Defendant's Responses**

On June 13, 2023, Plaintiff Jose Guzman, represented by counsel, commenced a wage and hour lawsuit against Defendants (the "Complaint"). The Complaint alleges that Defendants violated the FLSA and NYLL

Specifically, Plaintiff alleges that he worked over 40 hours without the appropriate overtime compensation. The Plaintiff alleges that he consistently worked over 40 hours every week during his employment. On Plaintiff behalf, we calculated Plaintiff's total FLSA damages as $11,575 alleged unpaid wages:

| Pay Period | | No. Weeks in Pay Period | Hours Per Week in Period | Calc. Regular Rate of Pay | Calc. OT Rate of Pay | Minimum Wage Rate | Minimum Overtime (OT) | Lawful Weekly Pay | "Credited" Weekly Pay | Underpayment Per Week | Pre Judgm Int | Totals | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| From | To | | | | | | | | | | | | |
| 3/10/22 | 4/30/22 | 7 | 55 | $ 10.00 | $ 15.00 | $ 15.00 | $ 22.50 | $ 937.50 | $ 550.00 | $ 387.50 | | $ 2,712.50 | |
| 5/1/22 | 12/31/22 | 35 | 55 | $ 13.63 | $ 20.45 | $ 15.00 | $ 22.50 | $ 937.50 | $ 750.00 | $ 187.50 | | $ 6,562.50 | |
| 1/1/23 | 1/31/23 | 4 | 55 | $ 15.00 | $ 22.50 | $ 15.00 | $ 22.50 | $ 937.50 | $ 825.00 | $ 112.50 | | $ 450.00 | |
| 2/1/23 | 5/21/23 | 16 | 55 | $ 15.45 | $ 23.18 | $ 15.00 | $ 22.50 | $ 965.63 | $ 850.00 | $ 115.63 | | $ 1,850.00 | |
| | | | | | | | | | | | | $ 11,575.00 | |
| | | | | | | | | | | | | $ 5,000.00 | |
| | | | | | | | | | | | | $ 5,000.00 | |
| | | | | | | | | | | | | $ 21,575.00 | |

Defendants disputed, and still dispute, each and every allegation raised by Plaintiffs in the Complaint, including each Plaintiff's period of employment, the actual number of hours worked, and the actual amount of compensation Plaintiffs were paid. Defendants contend that they have complied with the FLSA and NYLL. Defendants deny any liabilities or wrongdoings.

In sum, there is a bona fide dispute between the Parties regarding the merits of Plaintiff's wage and hour claims. The instant settlement constitutes the Parties' effort to resolve same in an amicable fashion through arm's length bargaining and without resort to protracted litigation.

    I.    **The Settlement is Fair and Reasonable**

The Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 2015 WL 4664283 (2d Cir. 2015) provides that stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the Department of Labor. An FLSA settlement should receive judicial approval where it is "fair and reasonable." *See Wolinsky v. Scholastic, Inc*. 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Generally, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the Parties to determine the reasonableness of an FLSA settlement." *Crabtree v. Volkert, Inc.*, No. 11–0529–WS–B, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013). Moreover, "[c]ourts approve FLSA settlements when he are reached as a result of contested litigation to resolve *bona fide* disputes." *In re Penthouse Executive Club Compensation Litig.*, No. 10-cv-1145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that the inherent adversarial nature of a litigated FLSA case is adequate indicator of fairness of settlement). In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07-CV-86, 2008 WL

724155, at *1 (E.D.N.Y. Mar. 13, 2008) (*quoting Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.,* 679 F.2d 1350, 1354 (11th Cir. 1982)).

The Agreement in this matter is a fair and reasonable resolution of the bona fide disputes between the Parties. This Agreement provides a satisfactory recovery for Plaintiff's alleged damages and also reasonably addresses Defendants' concerns about potential liabilities and litigation costs. This is due to several factors: It allows the Parties to sidestep significant burdens and expenses, such as securing and paying for expert witnesses, who can often demand high fees. The Agreement also eliminates the time and energy that would be required for extensive discovery, which could take months or even years. It further prevents the risk of a potentially unfavorable judgment, which could result in substantial liability. Furthermore, the Agreement mitigates the inherent risks involved in litigation, including the unpredictable nature of jury trials and the potential for lengthy and costly appeals. Furthermore, the Agreement is the product of arm's length bargaining between experienced labor and employment counsel. The counsels' extensive experience in labor and employment law, including previous cases involving wage and hour disputes, equipped them with the necessary expertise to negotiate a fair and beneficial agreement. Their combined years of practice and familiarity with the legal and factual issues involved in this case allowed them to identify key issues and develop effective negotiation strategies. This experience, coupled with their commitment to ethical practice, ensured an agreement free from fraud or collusion. *See gen. Wolinsky*, 900 F. Supp. 2d at 335. Accordingly, it is respectfully requested that the Agreement be approved in its entirety.

*The Risk and Expenses Faced by the Parties*

Both Parties in this matter faced substantial risk in moving forward in this litigation. In the event that a trier of fact determined that Plaintiff did not work over forty (40) hours his claims would be in jeopardy. In addition, Plaintiff faces the prospect of waiting many months, if not years, for the matter to proceed through trial. At this stage of the proceedings, Plaintiff is obtaining most of his recovery of his alleged FLSA unpaid wages without having to go through the time-consuming and risky process of litigating his claims.

Conversely, while Defendants are confident that he would be able to challenge Plaintiff's claims successfully, Defendants were mindful of the risk that Plaintiff may have prevailed on some claims and that even if Defendants were ultimately successful, it would have only occurred after protracted litigation and at a high cost. The litigation costs and risk of liability for Defendants, even if such risk is remote, weighed in favor of early resolution. Accordingly, both Parties faced substantial risks in proceeding with the litigation, which weighs in favor of approval of the Agreement.

*The Agreement was the product of arm's-length bargaining, devoid of fraud or collusion, ensuring that the process was fair, transparent, and reasonable for all parties involved.*

This Agreement was the product of legitimate bargaining between experienced labor and employment counsel devoid of any resemblance of fraud or collusion. Plaintiff's counsel zealously advocated on behalf of Jose Guzman from the inception of this matter through negotiating the amount of the settlement to memorializing the terms of same.

Similarly, Defendants' counsels have sharply contested Plaintiffs' factual and legal allegations throughout this Action. Both parties' counsels have diligently worked together to ensure that the settlement reached is not only in the best interests of their respective clients but also fair and reasonable to all parties involved.

The Agreement constitutes an effort by experienced labor and employment counsel for both Parties to resolve the dispute under the best possible circumstances for their respective client. Accordingly, the Agreement should be approved by the Court.

Importantly, the Agreement reached by the Parties does not contain any prohibited clauses that Courts have found inappropriate for inclusion in FLSA settlements post-*Cheeks* – such as a confidentiality clause – and the release of claims set forth in the Agreement is limited to wage and hour claims only and is not a prohibited general release of claims.

II. **Plaintiff's application for attorney's fees should be approved as it represents a reasonable allocation of costs, given the complexity of the case, the expertise required to handle such a case, and the satisfactory outcome achieved for the Plaintiff.**

Given Plaintiff's counsel's significant experience representing Plaintiff in New York in wage and hour litigation, Plaintiff obtained an excellent result with relatively small expenses. A brief biography of the attorney who performed billed work in this matter is as follows:

a. Lina Stillman has been practicing law since 2012. From 2012 to 2015, she was an associate at two (2) law firms where she practiced exclusively in the areas of Labor and Employment, emphasizing wage and hour litigation.
She opened her law firm in response to the immigrant community's need for honest Spanish and Portuguese-speaking attorneys to care for their interests exclusively.
She is an active member of the LGBT Rights Committee of the New York City Bar Association and active Pro Bono Counsel at the Associations Bankruptcy Clinic and the New York Chapter of the National Employment Lawyers Association.

Plaintiff's counsel seeks an award of 5,581.97, which consists of a 33.33% including costs. This fee award is not only within the range of acceptable fee awards for FLSA settlements but is also commensurate with the efforts put forth by the counsel in ensuring a fair and reasonable resolution for all parties involved.

**<u>Conclusion</u>**

  For all of the reasons above, which demonstrate the fairness and reasonableness of the Agreement to all parties, we humbly request that the Court approve the Agreement and enter the proposed Stipulation and Order of Dismissal that is being submitted simultaneously herewith. This order expressly provides that the Court will retain jurisdiction over this matter solely for purposes of enforcing the Agreement, ensuring that all parties' rights and obligations under the Agreement are protected and upheld. Counsel represented Jose Guzman throughout this lawsuit, and Jose Guzman's counsel has agreed to the settlement amount based on his client's approval. Jose Guzman's interests have been adequately safeguarded, as he was represented by competent counsel throughout this lawsuit. He was kept informed at all stages of the proceedings, was provided with all necessary information about the case and the agreement, had access to independent legal advice, and was given sufficient time to consider the agreement before signing. His acceptance of the settlement amount reflects his informed consent to the terms of the agreement. In full consideration of all the issues, including the strength of Jose Guzman's case, the risk, cost, and delay of further litigation, and the amount of the settlement, we assert that the Parties' agreement is not just fair and reasonable, but also serves the best interests of Jose Guzman. We have taken into account not only the merits of Jose Guzman's claims and defenses, but also those of the defendant. We have considered the potential cost and duration of a trial, the unpredictability of the outcome, and the financial and emotional toll it could take on all parties. This comprehensive evaluation was instrumental in reaching an agreement that is fair and reasonable to all parties. Moreover, the settlement amount adequately compensates for the alleged harm, taking into account similar cases, the scope of the harm, and the financial capacity of the defendant. The settlement amount is reflective of the damages claimed and is in line with similar cases. Furthermore, the agreement has been reached after thorough negotiation and with the approval of Jose Guzman, ensuring that his interests have been adequately safeguarded. Therefore, we believe that the settlement should be approved.

  Should Your Honor have any questions or concerns regarding this settlement, the Parties are happy to address them. The Parties thank the Court for its attention to this matter.

                Respectfully submitted,
                <u>/s/Lina Stillman</u>

cc:  All counsel (*via* ECF)