

# STILLMAN LEGAL, P.C

www.FightForUrRights.com

42 BROADWAY, 12TH FLOOR, NEW YORK NY 10004

**VIA ECF**
Honorable John Koetl
United States District Court
Southern District of New York

Your Honor,

> The Court approves the settlement, including the provision of attorney's fees and costs, as fair reasonable and adequate. The Clerk is directed to enter judgment dismissing this case with prejudice pursuant to the settlement agreement. The Clerk is directed to close this case.
>
> SO ORDERED.
> /s/ John G. Koeltl
> U.S.D.J.
> 4/26/24

This firm represents Plaintiff CLEANING PROJECT 23 INC DONG HONG CHOI ("Plaintiff") in the above-referenced matter. Plaintiff writes jointly with Defendants, CLEANING PROJECT 23 INC and DONG HONG CHOI, Individually, (collectively "Defendants") (Plaintiff and Defendants collectively referred to as the "Parties") to request Court approval of his fully executed settlement agreement (the "Agreement"), annexed hereto as Exhibit A, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

This letter will provide support for the Parties' fair and reasonable settlement sum of $9,250. It will also provide the Court with the required information regarding Plaintiff's attorneys' fees so that the Court can determine whether the requested award of 3,668.04 including costs and fees.

This Agreement represents a good faith effort between experienced labor and employment counsel to negotiate an action under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), resulting in a settlement that provides Plaintiff with a satisfactory recovery of his alleged damages under applicable law. The Parties have determined that his interests are best served by compromise, settlement, and dismissal of these claims with prejudice, in exchange for consideration as set forth in the Agreement. Thus, the settlement satisfactorily resolves the Parties' *bona fide* dispute.

The Agreement is the result of arms-length bargaining between the Parties and his counsel and reflects a desire to settle and compromise all of Plaintiff's claims asserted in this case, as outlined more specifically in the attached Agreement fully and finally.

For these reasons and based on the reasons set forth below, the Parties jointly and respectfully request that that Court enter an Order approving the Agreement as fair and reasonable.

42 Broadway, 12th Floor, New York, NY 10004

P: 212-203-2417

Hon. Cheryl Pollak
Southern District of New York

Page 2

### Plaintiff's Allegations and Defendant's Responses

On June 13, 2023, Plaintiff Jose Guzman, represented by counsel, commenced a wage and hour lawsuit against Defendants (the "Complaint"). The Complaint alleges that Defendants violated the FLSA and NYLL

Specifically, Plaintiff alleges that he worked over 40 hours without the appropriate overtime compensation. The Plaintiff alleges that he consistently worked over 40 hours every week during his employment. On Plaintiff behalf, we calculated Plaintiff's total FLSA damages as $11,575 alleged unpaid wages:

| Pay Period | | No. Weeks in Pay Period | Hours Per Week in Period | Calc. Regular Rate of Pay | Calc. OT Rate of Pay | Minimum Wage Rate | Minimum Overtime (OT) | Lawful Weekly Pay | "Credited" Weekly Pay | Underpayment Per Week | Pre Judgm Int | Totals |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| From | To | | | | | | | | | | | |
| 3/10/22 | 4/30/22 | 7 | 55 | $10.00 | $15.00 | $15.00 | $22.50 | $937.50 | $550.00 | $387.50 | | $2,712.50 |
| 5/1/22 | 12/31/22 | 35 | 55 | $13.63 | $20.45 | $15.00 | $22.50 | $937.50 | $750.00 | $187.50 | | $6,562.50 |
| 1/1/23 | 1/31/23 | 4 | 55 | $15.00 | $22.50 | $15.00 | $22.50 | $937.50 | $825.00 | $112.50 | | $450.00 |
| 2/1/23 | 5/21/23 | 16 | 55 | $15.45 | $23.18 | $15.00 | $22.50 | $965.63 | $850.00 | $115.63 | | $1,850.00 |
| | | | | | | | | | | | | $11,575.00 |
| | | | | | | | | | | | | $5,000.00 |
| | | | | | | | | | | | | $5,000.00 |
| | | | | | | | | | | | | $21,575.00 |

Defendants disputed, and still dispute, each and every allegation raised by Plaintiffs in the Complaint, including each Plaintiff's period of employment, the actual number of hours worked, and the actual amount of compensation Plaintiffs were paid. Defendants contend that they have complied with the FLSA and NYLL. Defendants deny any liabilities or wrongdoings.

In sum, there is a bona fide dispute between the Parties regarding the merits of Plaintiff's wage and hour claims. The instant settlement constitutes the Parties' effort to resolve same in an amicable fashion through arm's length bargaining and without resort to protracted litigation.

### I.   The Settlement is Fair and Reasonable

The Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 2015 WL 4664283 (2d Cir. 2015) provides that stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the Department of Labor. An FLSA settlement should receive judicial approval where it is "fair and reasonable." *See Wolinsky v. Scholastic, Inc.* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Generally, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the Parties to determine the reasonableness of an FLSA settlement." *Crabtree v. Volkert, Inc.*, No. 11–0529–WS–B, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013). Moreover, "[c]ourts approve FLSA settlements when he are reached as a result of contested litigation to resolve *bona fide* disputes." *In re Penthouse Executive Club Compensation Litig.*, No. 10-cv-1145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that the inherent adversarial nature of a litigated FLSA case is adequate indicator of fairness of settlement). In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07-CV-86, 2008 WL

Hon. Cheryl Pollak
Southern District of New York

Page 3

724155, at *1 (E.D.N.Y. Mar. 13, 2008) (*quoting Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.,* 679 F.2d 1350, 1354 (11th Cir. 1982)).

    The Agreement in this matter is a fair and reasonable resolution of the bona fide disputes between the Parties. This Agreement provides a satisfactory recovery for Plaintiff's alleged damages and also reasonably addresses Defendants' concerns about potential liabilities and litigation costs. This is due to several factors: It allows the Parties to sidestep significant burdens and expenses, such as securing and paying for expert witnesses, who can often demand high fees. The Agreement also eliminates the time and energy that would be required for extensive discovery, which could take months or even years. It further prevents the risk of a potentially unfavorable judgment, which could result in substantial liability. Furthermore, the Agreement mitigates the inherent risks involved in litigation, including the unpredictable nature of jury trials and the potential for lengthy and costly appeals. Furthermore, the Agreement is the product of arm's length bargaining between experienced labor and employment counsel. The counsels' extensive experience in labor and employment law, including previous cases involving wage and hour disputes, equipped them with the necessary expertise to negotiate a fair and beneficial agreement. Their combined years of practice and familiarity with the legal and factual issues involved in this case allowed them to identify key issues and develop effective negotiation strategies. This experience, coupled with their commitment to ethical practice, ensured an agreement free from fraud or collusion. *See gen. Wolinsky,* 900 F. Supp. 2d at 335. Accordingly, it is respectfully requested that the Agreement be approved in its entirety.

*The Risk and Expenses Faced by the Parties*

    Both Parties in this matter faced substantial risk in moving forward in this litigation. In the event that a trier of fact determined that Plaintiff did not work over forty (40) hours his claims would be in jeopardy. In addition, Plaintiff faces the prospect of waiting many months, if not years, for the matter to proceed through trial. At this stage of the proceedings, Plaintiff is obtaining most of his recovery of his alleged FLSA unpaid wages without having to go through the time-consuming and risky process of litigating his claims.

    Conversely, while Defendants are confident that he would be able to challenge Plaintiff's claims successfully, Defendants were mindful of the risk that Plaintiff may have prevailed on some claims and that even if Defendants were ultimately successful, it would have only occurred after protracted litigation and at a high cost. The litigation costs and risk of liability for Defendants, even if such risk is remote, weighed in favor of early resolution. Accordingly, both Parties faced substantial risks in proceeding with the litigation, which weighs in favor of approval of the Agreement.

*The Agreement was the product of arm's-length bargaining, devoid of fraud or collusion, ensuring that the process was fair, transparent, and reasonable for all parties involved.*

Page 4

This Agreement was the product of legitimate bargaining between experienced labor and employment counsel devoid of any resemblance of fraud or collusion. Plaintiff's counsel zealously advocated on behalf of Jose Guzman from the inception of this matter through negotiating the amount of the settlement to memorializing the terms of same.

Similarly, Defendants' counsels have sharply contested Plaintiffs' factual and legal allegations throughout this Action. Both parties' counsels have diligently worked together to ensure that the settlement reached is not only in the best interests of their respective clients but also fair and reasonable to all parties involved.

The Agreement constitutes an effort by experienced labor and employment counsel for both Parties to resolve the dispute under the best possible circumstances for their respective client. Accordingly, the Agreement should be approved by the Court.

Importantly, the Agreement reached by the Parties does not contain any prohibited clauses that Courts have found inappropriate for inclusion in FLSA settlements post-*Cheeks* – such as a confidentiality clause – and the release of claims set forth in the Agreement is limited to wage and hour claims only and is not a prohibited general release of claims.

II. **Plaintiff's application for attorney's fees should be approved as it represents a reasonable allocation of costs, given the complexity of the case, the expertise required to handle such a case, and the satisfactory outcome achieved for the Plaintiff.**

Given Plaintiff's counsel's significant experience representing Plaintiff in New York in wage and hour litigation, Plaintiff obtained an excellent result with relatively small expenses. A brief biography of the attorney who performed billed work in this matter is as follows:

a. Lina Stillman has been practicing law since 2012. From 2012 to 2015, she was an associate at two (2) law firms where she practiced exclusively in the areas of Labor and Employment, emphasizing wage and hour litigation.
She opened her law firm in response to the immigrant community's need for honest Spanish and Portuguese-speaking attorneys to care for their interests exclusively.
She is an active member of the LGBT Rights Committee of the New York City Bar Association and active Pro Bono Counsel at the Associations Bankruptcy Clinic and the New York Chapter of the National Employment Lawyers Association.

Plaintiff's counsel seeks an award of 5,581.97, which consists of a 33.33% including costs. This fee award is not only within the range of acceptable fee awards for FLSA settlements but is also commensurate with the efforts put forth by the counsel in ensuring a fair and reasonable resolution for all parties involved.

Southern District of New York

Page 5

**Conclusion**

For all of the reasons above, which demonstrate the fairness and reasonableness of the Agreement to all parties, we humbly request that the Court approve the Agreement and enter the proposed Stipulation and Order of Dismissal that is being submitted simultaneously herewith. This order expressly provides that the Court will retain jurisdiction over this matter solely for purposes of enforcing the Agreement, ensuring that all parties' rights and obligations under the Agreement are protected and upheld. Counsel represented Jose Guzman throughout this lawsuit, and Jose Guzman's counsel has agreed to the settlement amount based on his client's approval. Jose Guzman's interests have been adequately safeguarded, as he was represented by competent counsel throughout this lawsuit. He was kept informed at all stages of the proceedings, was provided with all necessary information about the case and the agreement, had access to independent legal advice, and was given sufficient time to consider the agreement before signing. His acceptance of the settlement amount reflects his informed consent to the terms of the agreement. In full consideration of all the issues, including the strength of Jose Guzman's case, the risk, cost, and delay of further litigation, and the amount of the settlement, we assert that the Parties' agreement is not just fair and reasonable, but also serves the best interests of Jose Guzman. We have taken into account not only the merits of Jose Guzman's claims and defenses, but also those of the defendant. We have considered the potential cost and duration of a trial, the unpredictability of the outcome, and the financial and emotional toll it could take on all parties. This comprehensive evaluation was instrumental in reaching an agreement that is fair and reasonable to all parties. Moreover, the settlement amount adequately compensates for the alleged harm, taking into account similar cases, the scope of the harm, and the financial capacity of the defendant. The settlement amount is reflective of the damages claimed and is in line with similar cases. Furthermore, the agreement has been reached after thorough negotiation and with the approval of Jose Guzman, ensuring that his interests have been adequately safeguarded. Therefore, we believe that the settlement should be approved.

Should Your Honor have any questions or concerns regarding this settlement, the Parties are happy to address them. The Parties thank the Court for its attention to this matter.

                                          Respectfully submitted,
                                          /s/Lina Stillman

cc:     All counsel (*via* ECF)

DocuSign Envelope ID: 5A49940B-EE34-4679-A8E0-C3C63F6549E4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JESUS GUZMAN,

                                Plaintiffs,

-v.-

CLEANING PROJECT 23 INC
DONG HONG CHOI, Individually

                                Defendants.
------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND RELEASE

WHEREAS, Plaintiff, GUZMAN, (hereinafter "Plaintiffs") and Defendants, CLEANING PROJECT 23 INC and DONG HONG CHOI, Individually(hereinafter "Defendants"), desire to resolve, settle and agree to dismiss with prejudice any and all claims which Plaintiffs have made in or by the Complaint filed in the above-captioned action pending in the U.S. District Court for the Eastern District of New York, Case No. 1:23-cv-04950-JGK (the "Lawsuit"), without further litigation or adjudication;

      WHEREAS, the Complaint asserted claims under the New York Labor Law ("NYLL") and under the Fair Labor Standards Act ("FLSA"), and sought recovery for, among other things, alleged unpaid wages and overtime, as well as alleged statutory penalties for pay statement, liquidated damages, and attorneys' fees and costs (together herein, the "Claims");

      WHEREAS, the Defendants have denied and continue to deny all of the allegations made by Plaintiff in the Lawsuit and have denied and continue to deny that they are liable or owe damages to anyone with respect to the alleged facts or causes of action asserted in the Lawsuit against them. Nonetheless, without admitting or conceding any fault, wrongdoing, liability or damages, the Defendants have agreed, subject to Court approval, to settle the Lawsuit on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Lawsuit;

      WHEREAS, the Plaintiff and the Defendants understand and agree that neither the making of this Agreement nor anything contained herein shall be construed or considered in any way to be an admission by the Defendants or any other person or entity of guilt or noncompliance with any federal, state, or local statute, order, regulation, or ordinance, public policy, tort law, contract (whether oral or written, express or implied), common law, the Defendants' practices, policies, benefit plans, compensation plans or procedures, or of any other wrongdoing whatsoever; and,

      WHEREAS, upon Court's approval of this Agreement, the Lawsuit shall be dismissed in its entirety and with prejudice upon the entry of an Order for same consistent with the Parties' Agreement as set forth below:

Case 1:23-cv-04950-JGK   Document 22   Filed 04/26/24   Page 7 of 19
Case 1:23-cv-04950-JGK   Document 21-1   Filed 04/25/24   Page 2 of 6

DocuSign Envelope ID: 5A49940B-EE34-4679-A8E0-C3C63F6549E4

NOW THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES that:

1. **SETTLEMENT TERMS.**

    **1.1. Amount.**

    A. The Defendants agree to pay or to cause to be paid on their behalf the total amount of Nine Thousand Two Hundred and Fifty Dollars ($9,250.00) (hereinafter "Settlement Funds"), which shall resolve and satisfy any and all alleged damages, interest thereon, attorneys' fees, costs and disbursements, and any other alleged damages, costs or expenses against the Defendants arising out of the Lawsuit. The total for Stillman Legal shall be $3,668.03, which includes $585 in costs. The payment for Guzman, the Plaintiff, shall be $5,581.97. The Defendants shall have no other monetary obligation under this Agreement.

    B. The Defendants shall pay the Settlement Funds as Follows:

      a. A check in the amount of ($5,581.97) five-thousand-five-hundred-eighty-one dollars and ninety-seven cents to "JESUS GUZMAN"

      b. A Check in the amount of ($3,668.03) three-thousand-six-hundred-sixty-eight-dollars and three-cents to STILLMAN LEGAL PC

C. Plaintiff agrees to be responsible for any taxes associated with the Settlement Payment made to him hereunder. Plaintiff agrees to indemnify and hold harmless the Defendants for any taxes, penalties, and interest assessed as a result of Plaintiff's non-payment of taxes on any portions of the Settlement Payment paid to Plaintiff and an audit by the taxing authorities inasmuch as any taxes, penalties, and interest assessed are directly related to the payment made in satisfaction of this settlement.

2. **RELEASE**

    **2.1. Release of Claims.**

    A. JESUS GUZMAN hereby forever and fully releases the Defendants, and all presently or formerly affiliated persons or entities including, but not limited to, any of the Defendants' present or former parent corporations, their owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, insurers, reinsures, parents, subsidiaries, affiliates, benefit plans, plan fiduciaries, and/or administrators, and all persons acting by, through, under or in concert with any of them ("Releasees"), from all wage and hour claims that could have been asserted under federal or state laws in the Lawsuit as of the date the Court issues its approval of the Settlement. The Released Claims include all claims under federal or New York State laws for minimum or overtime wages, unreimbursed expenses, spread of hours, any related wage and hour claims,

2

DocuSign Envelope ID: 5A49940B-EE34-4679-A8E0-C3C63F6549E4

all claims for gratuities under NYLL § 196-d, NYLL § 195 penalties, the Released Claims include any and all claims under the NYLL, Article 6, §191 (Frequency of payments); §192 (Cash payment of wages); §193 (Deductions from wages); §195 (Notice and record-keeping requirements); §196-d (Gratuities); §198-c (Benefits or wage supplements); §198-d (Posting regulations on illegal wage deductions) and any claim under Article 19, § 605 et seq. of the NYLL for a claim of minimum wage or overtime and other provisions including the supporting state regulations and New York Minimum Wage Orders, 12 NYCRR §§ 146, et seq., including, but not limited to, damages, salaries, wages, compensation, overtime compensation, monetary relief, and any other benefits of any kind, earnings, back pay, unpaid wages, liquidated and statutory damages, penalties, interests, attorneys' fees, and consts, for any claim brought, or could have been brought, under the FLSA, NYLL, WTPA, and/or any local, state, or federal wage statute, code, or ordinance, including, but not limited to, the Claims.

A. **Non-Admission of Liability** Defendants have agreed to the terms of this Agreement without in any way acknowledging any fault or liability, and with the understanding that terms have been reached because this settlement will avoid the further expense and disruption of the Defendants' business due to the pendency and expense of litigation. Nothing in this Agreement shall be deemed or used as an admission of liability by the Defendants.

3. INTERPRETATION AND ENFORCEMENT.

   3.1. **Cooperation Between the Parties; Further Acts**. The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms. Each party, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

   3.2. **Entire Agreement**. This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the parties shall be deemed merged into this Agreement.

   3.3. **Binding Effect**. This Agreement shall be binding upon the Parties and their representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns.

   3.4. **Arms' Length Transaction; Materiality of Terms**. The Parties have negotiated all the terms and conditions of this Agreement at arms' length, including participating in mediation. All terms and conditions of this Agreement in the exact

DocuSign Envelope ID: 5A49940B-EE34-4679-A8E0-C3C63F6549E4

form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

3.5. **Captions.** The captions or headings of the Sections and Paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

3.6. **Construction.** The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

3.7. **Severability.** If any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect.

3.8. **Governing Law.** This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

3.9. **Continuing Jurisdiction.** The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby. The Court shall not have jurisdiction or authority to modify the terms of the Agreement or to increase the Settling Defendants' payment obligations hereunder.

3.10. **Waivers, etc. to Be in Writing.** No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

3.11. **When Agreement Becomes Effective; Counterparts.** This Agreement shall become effective upon its execution. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.

3.12. **Signatures.** This Agreement is valid and binding if, and only if, it is signed by the authorized representatives of the Defendants and JESUS GUZMAN.

DocuSign Envelope ID: 5A49940B-EE34-4679-A8E0-C3C63F6549E4

3.13. **Facsimile and Email Signatures.** Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

3.14. **Mutual Non-Disparagement & Non-Harassment.**

Plaintiff hereby agrees that he will not make or cause to be made any statement that disparages or damages the reputation of the Defendants. Defendants hereby agree that they will not make or cause to be made any statement that disparages or damages the reputation of Plaintiff.

Disparaging remarks, comments, or statements are those that, directly or indirectly, impugn the character, honesty, integrity, or morality, or academic or business acumen or abilities in connection with any aspect of the operation of the business of the individual or entity being disparaged.

For the purpose of this Agreement, the term "disparage" or "damage" includes, making comments or statements as defined in this section to anyone other than a Party to this Agreement that would adversely affect in any manner the personal or business reputation of Plaintiff or the Defendants, and/or their officer, directors, shareholders, trustees, employees, or operation.

Consistent with their legal obligations, both Plaintiff and Defendants will not retaliate against each other, or harass each other, for participating in the Lawsuit and/or settlement.

HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY THE SETTLEMENT TOTAL OF $9,250 AND OTHER CONSIDERATION AS FOLLOWS: THE TOTAL PAYABLE TO STILLMAN LEGAL IS $3,668.03, INCLUDING $585 IN COSTS, AND THE PAYMENT FOR GUZMAN, THE PLAINTIFF, AMOUNTS TO $5,581.97 AND OTHER VOLUNTARY BENEFITS SET FORTH IN THIS AGREEMENT, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH HIS ATTORNEY, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS THEY HAVE OR MIGHT HAVE AS SET FORTH IN THIS AGREEMENT AGAINST RELEASEES.

PLAINTIFFS

JESUS GUZMAN  *Jesus Guzman* (DocuSigned by: AF6AAE6E4D794E9...)
4/23/2024

DocuSign Envelope ID: 5A49940B-EE34-4679-A8E0-C3C63F6549E4

DEFENDANT

CLEANING PROJECT 23 INC

_____            By: _Dong Hong Choi_

Dated: __4/24/2024__              Dated: __4/24/2024__

                                  DEFENDANT DONG HONG CHOI


_____            _____

# Activities Export

04/25/2024
6:26 PM

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| 04/25/2024 | ⓙ | Draft Agreement and Cheeks Motion<br>● Unbilled | 00363-Guzman WAGE THEFT | Lina Stillman | 2.00h | $350.00 | - | $700.00 |
| 04/14/2024 | ⓙ | Mediation Statement/4.5 Hour Mediation<br>● Unbilled | 00363-Guzman WAGE THEFT | Lina Stillman | 4.50h | $350.00 | - | $1,575.00 |
| 03/13/2024 | ⓙ | Call with Michael McDermott<br>● Unbilled | 00363-Guzman WAGE THEFT | Lina Stillman | 0.30h | $350.00 | - | $105.00 |
| 02/26/2024 | ⓙ | Examine Records with Mr. Guzman<br>● Unbilled | 00363-Guzman WAGE THEFT | Lina Stillman | 0.10h | $350.00 | - | $35.00 |
| 02/02/2024 | ⓙ | Settlement discussions with Harold Lee<br>● Unbilled | 00363-Guzman WAGE THEFT | Lina Stillman | 0.80h | $350.00 | - | $280.00 |
| 01/24/2024 | ⓙ | Call w/M. McDermott<br>● Unbilled | 00363-Guzman WAGE THEFT | Lina Stillman | 0.10h | $350.00 | - | $35.00 |
| 01/22/2024 | ⓙ | Re-Do chart based on records.<br>● Unbilled | 00363-Guzman WAGE THEFT | Lina Stillman | 0.80h | $350.00 | - | $280.00 |
| 01/18/2024 | ⓙ | Re-Do Damages calculations and send to Defendants<br>● Unbilled | 00363-Guzman WAGE THEFT | Lina Stillman | 0.90h | $350.00 | - | $315.00 |
| 01/11/2024 | ⓙ | Call with Mediator McDermott<br>● Unbilled | 00363-Guzman WAGE THEFT | Lina Stillman | 0.70h | $350.00 | - | $245.00 |
| 01/06/2024 | ⓙ | Coordinate mediation<br>● Unbilled | 00363-Guzman WAGE THEFT | Lina Stillman | 0.90h | $350.00 | - | $315.00 |
| | | | | | **22.40h** | | **$0.00**<br>0.00h | **$7,840.00**<br>22.40h |

# Activities Export

04/25/2024
6:26 PM

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| 12/28/2023 | | Write letter to Court asking for extension<br>● Unbilled | 00363-Guzman WAGE THEFT | Lina Stillman | 0.30h | $350.00 | - | $105.00 |
| 12/27/2023 | | Please let Mr. Guzman know that we have Court in his case in February. Thank him for his patience and please ask him if he has any documents, paystus, photos, etc. (NO NEWS)<br>● Unbilled | 00363-Guzman WAGE THEFT | Lina Stillman | 0.10h | $350.00 | - | $35.00 |
| 12/26/2023 | | Discuss mediation and letter to Court w/Harold Lee<br>● Unbilled | 00363-Guzman WAGE THEFT | Lina Stillman | 0.50h | $350.00 | - | $175.00 |
| 11/02/2023 | | Draft and Send Discovery Requests to D's<br>● Unbilled | 00363-Guzman WAGE THEFT | Lina Stillman | 1.90h | $350.00 | - | $665.00 |
| 09/26/2023 | | Update Call<br>● Unbilled | 00363-Guzman WAGE THEFT | Lina Stillman | 0.10h | $350.00 | - | $35.00 |
| 08/14/2023 | | Rule 26 Disclosures<br>● Unbilled | 00363-Guzman WAGE THEFT | Lina Stillman | 1.90h | $350.00 | - | $665.00 |
| 08/02/2023 | | Please let Mr. Gomez know that we filed his complaint and nothing will happen in Court until October but we will continue to update him. Thank him for his patience.<br>● Unbilled | 00363-Guzman WAGE THEFT | Lina Stillman | 0.10h | $350.00 | - | $35.00 |
| 07/27/2023 | | Amend Complaint<br>● Unbilled | 00363-Guzman WAGE THEFT | Lina Stillman | 0.90h | $350.00 | - | $315.00 |
| | | | | | 22.40h | | $0.00<br>0.00h | $7,840.00<br>22.40h |

Case 1:23-cv-04950-JGK    Document 21-2    Filed 04/25/24    Page 3 of 4

# Activities Export

04/25/2024
6:26 PM

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| 07/26/2023 | ⏱ | Discussion with Samuel Ahne regarding Rai and proper name of Defendant<br>● Unbilled | 00363-Guzman WAGE THEFT | Lina Stillman | 0.70h | $350.00 | - | $245.00 |
| 07/13/2023 | ⏱ | Telephone Call: update julio<br>● Unbilled | 00363-Guzman WAGE THEFT | Lina Stillman | 0.10h | $350.00 | - | $35.00 |
| 06/26/2023 | ⏱ | Call from Samuel Ahne<br>● Unbilled | 00363-Guzman WAGE THEFT | Lina Stillman | 0.20h | $350.00 | - | $70.00 |
| 06/13/2023 | ⏱ | File Complaint COMPLAINT against Cleaning Project 23 Inc (DBA Laundry Project 23),<br>● Unbilled | 00363-Guzman WAGE THEFT | Lina Stillman | 0.80h | $350.00 | - | $280.00 |
| 05/29/2023 | ⏱ | Draft Complaint Guzman v. Laundry Project 23<br>● Unbilled | 00363-Guzman WAGE THEFT | Lina Stillman | 1.10h | $350.00 | - | $385.00 |
| 05/27/2023 | ⏱ | Telephone Call: Call with Jesus<br>● Unbilled | 00363-Guzman WAGE THEFT | Lina Stillman | 0.20h | $350.00 | - | $70.00 |
| 05/26/2023 | ⏱ | Due diligence on individual defendants and corporation<br>● Unbilled | 00363-Guzman WAGE THEFT | Lina Stillman | 0.90h | $350.00 | - | $315.00 |
| 05/25/2023 | ⏱ | Initial Claim or File Intake and Review<br>● Unbilled | 00363-Guzman WAGE THEFT | Lina Stillman | 1.20h | $350.00 | - | $420.00 |
| 04/25/2023 | ⏱ | Call with Lexitas regarding service Lexitas Job # 9455155 Service on: RAI PRANAI | 00363-Guzman WAGE THEFT | Lina Stillman | 0.30h | $350.00 | - | $105.00 |
| | | | | | 22.40h | | $0.00<br>0.00h | $7,840.00<br>22.40h |

# Activities Export

04/25/2024
6:26 PM

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|------|------|-------------|--------|------|-----|----------|------------------|--------------|
|      |      | Address: 364 WEST 23RD STREET, NEW YORK, NY 10011<br>● Unbilled |  |  | 22.40h |  | $0.00<br>0.00h | $7,840.00<br>22.40h |

Case 1:23-cv-04950-JGK  Document 22  Filed 04/26/24  Page 16 of 19
Case 1:23-cv-04950-JGK  Document 21-3  Filed 04/25/24  Page 1 of 2
DocuSign Envelope ID: F0060675-DE56-4212-8820-C67017875FCG



# STILLMAN LEGAL, P.C

www.FightForUrRights.com

42 BROADWAY, 12TH FLOOR, NEW YORK NY 10004

Nombre  Jesus Guzman

Direccion: 44 E 208TH ST APT C BRONX NEW YORK 10467

Email:  jesusreyguzman@outlook.com

Telefono: 929 353 6132

Re: Acuerdos sobre representación legal y honorarios

Estimad(a)(o) Jesus Guzman

    Estaríamos contentos de representar sus intereses con relación a <u>sus horas extras de trabajo sin pago</u> en contra de sus exempleadores  Esta carta confirmará el acuerdo entre STILLMAN LEGAL PC. (la "compañía") y usted (el "cliente") con relación a los servicios legales que se le prestarán, los honorarios de nuestra compañía y los gastos con relación a su caso.

    <u>REPRESENTACIÓN LEGAL Y ALCANCE DE LA MISMA</u> – Nuestras acciones incluyen mandar una carta de demanda, asistirlo a usted en comenzar un procedimiento ante una agencia administrativa, comenzar y procesar una acción en la corte federal o estatal, y/o negociar un acuerdo. La compañía se abstiene específicamente de hacer algún tipo de promesas o dar garantías acerca del resultado o el éxito del asunto, y nada en este acuerdo podrá ser interpretado como una promesa o garantía. Este acuerdo sobre los honorarios no cubre ninguna apelación, que de ser necesario, será el tema de otro acuerdo independiente.

    <u>HONORARIOS DE CONTINGENCIA</u> - Usted nos pagara honorarios legales de acuerdo con el resultado del caso.  Si hay recuperación en su favor, usted deberá pagarnos los servicios legales prestados, que será el mayor ya sea de la suma igual a 33.33% de alguna y toda la suma recuperada como resultado de un juicio o por medio de un acuerdo (incluyendo honorarios legales) o la cantidad equivalente a los "honorarios de un abogado razonable" <u>determinada por la corte o acordada por los acusados.</u>  En caso de que no haya recuperación, <u>usted no nos deberá</u> ningunos honorarios aparte del honorario inicial que se encuentra a continuación.  Es evidente que en ciertos casos el grupo predominante puede tener derecho a unos honorarios de abogado razonable que es basado en un salario por hora.

Case 1:23-cv-04950-JGK   Document 22   Filed 04/26/24   Page 17 of 19
DocuSign Envelope ID: F0060675-DE56-4212-8820-06701787EFCC
Case 1:23-cv-04950-JGK   Document 21-3   Filed 04/25/24   Page 2 of 2

**CONFIDENTIAL MATERIAL**
Page 2

Usted acepta, sin importar la recuperación, pagar todos los otros honorarios, gastos, y desembolsos en este asunto tales como honorarios de procesamiento, costos de deposiciones, honorarios de expertos, honorarios de la corte, costos de fotocopias, correo, mensajeria, y teléfono. Dependiendo del individuo o individuos, nosotros podríamos empezar a cubrir los gastos para usted.

ACUERDO SIN CONSENTIMIENTO – Si los cargos son arreglados por usted sin el consentimiento de la compañía, usted tendrá que pagarle a la compañía los honorarios de contingencia explicados anteriormente basados en la suma completa de la recuperación a su beneficio quien sea que haya pagado o lo que sea que haya pagado. La compañía tendrá, de lo contrario, la opción de buscar compensación en las bases de *quatum meruit* que será determinada por la corte. En dichas circunstancias, la corte determinará el valor justo de los servicios prestados y la compañía tendrá, adicionalmente, sus gastos de impuestos, desembolso, y honorarios del abogado.

Usted tiene la libertad de terminar nuestra representación en cualquier momento que usted considere apropiado por cualquier razón, o sin ninguna razón. En este caso, su obligación será de pagar los honorarios y los desembolsos acumulados hasta el día de la terminación, además de los honorarios o desembolsos acumulados o adquiridos en conexión a la terminación. Nos reservamos el derecho a poner fin a nuestro trabajo o retirarnos de la representación legal de usted por cualquiera de las siguientes razones: (1) usted deja de cooperar completamente con nuestro manejo de la alegación; (2) usted no sigue nuestros consejos o instrucciones en el manejo de sus asuntos, aunque reconocemos que usted no esta obligado ha aceptar nuestro consejo en asuntos sustantivos del asunto; o (3) usted insiste en actuar de cierta manera que nosotros decidimos es poco ético o ilegal.

En el caso de alguna disputa con respecto a honorarios, usted tiene derecho a un arbitraje bajo la Parte 137 de *Rules of the Chief Administrador* (Reglas del Administrador General).

Si lo anterior cumple con su aprobación, le pedimos que amablemente reconozca su consentimiento en la carta original y devuelva la misma a mi atención. Estamos ansiosos de trabajar con usted.

Sinceramente,

Por: _____
LINA STILLMAN

Consetido por:

DocuSigned by:
_Jeg_                    5/25/2023
AF6AAE6E4D794E9...



# STILLMAN LEGAL, P.C

www.FightForUrRights.com

42 BROADWAY, 12TH FLOOR, NEW YORK NY 10004

NAME

ADDRESS

EMAIL

TELEPHONE

Re: Retainer

Dear_____

  We are pleased that you have retained Stillman Legal PC to provide legal services to you. This letter will confirm the agreement between Stillman Legal PC (the "Firm") and you (the "Client") as to the scope and nature of the legal services to be provided and the basis on which our Firm's fees and related expenses will be paid.

  SCOPE AND NATURE OF REPRESENTATION. Pursuant to the terms of this retainer agreement, the Firm will provide legal services to you in connection with your Federal and State discrimination and wage and hour claims against the company ("_____"). Specifically, we will assist in recovering unpaid wage and overtime payments and damages from your Employer. We will agree, in writing, to the terms, conditions and fees of any further action, including litigation in any state or federal court. The Firm has specifically refrained from making any promises or guarantees to the Client about the outcome or success of the Client's matter, and nothing in this agreement shall be construed as such a promise or guarantee.

  CONTINGENCY FEE. You have specifically requested that this retainer agreement be structured as a contingency fee, as follows. You will pay us legal fees contingent upon the outcome of the matter. If recovery is made on your behalf, you shall pay us for legal services rendered, the greater of a sum equal 33.33% of any and all sums recovered either as a result of trial or by way of settlement (including attorneys fee awards) or the amount of "reasonable attorneys fees" determined by the Court or agreed upon by the defendants. If there is no recovery, <u>you shall owe us no fees</u> other than the initial retainer stated below. It is understood that in certain actions the prevailing party may be entitled to an award of reasonable attorneys fees based on customary hourly rates.

  You agree, however, that regardless of recovery, to pay all other fees, expenses and disbursements incurred in this matter such as process server fees, deposition costs, expert fees,

**CONFIDENTIAL MATERIAL**

Page 2

court filing fees, copying costs, mailing, delivery and telephone costs. We may agree to advance expenses for you depending upon individual circumstances.

SETTLEMENT WITHOUT CONSENT. If the Claims are settled by you without the consent of the Firm, you agree to pay the Firm the contingency fee described above based on the full amount of the settlement recovery for your benefit to whomever paid or whatever called. The Firm shall have, in the alternative, the option of seeking compensation on a *quantum meruit* basis to be determined by the court. In such circumstances the court would determine the fair value of the services rendered and the Firm shall have, in addition, its taxable costs, disbursements, and attorneys' fees.

You are at liberty to terminate our representation at any time you see fit for any reason, or without reason. In that instance, your obligation will be to pay fees and disbursements accrued to the date of termination, plus any fees and disbursements accrued or incurred in connection with effectuating the termination. We reserve the right to stop work or to withdraw from further representation for any of the following reasons: (1) you fail to fully cooperate in our handling of your claim; (2) you do not follow our advice or instructions in the handling of your matters, although we readily acknowledge that you are not obliged to accept our advice on substantive aspects of your matters; or (3) you insist on our acting in a manner we determine to be unethical or illegal.

In the event of any dispute concerning fees, you may have a right to an arbitration under Part 137 of the Rules of the Chief Administrator.

If the foregoing meets with your approval, kindly acknowledge your consent on the original letter and return same to my attention. We look forward to working with you.

Por: _____
LINA STILLMAN

Consetido por:

_____